## Porter et al., Appellants, *v.* Wolf et al.

*Will—Changes therein—Oral instructions to executors—Trusts and trustees—Interest in property—Equity.*

An oral promise made by executors to testator to carry out certain changes which he desired to make in his will, and which he could not make by a new will or codicil because of his weakened physical condition, is not enforceable as a trust impressed upon testator's property, where the will gives the executors no interest therein.

Argued October 11, 1921.   Appeal, No. 70, Oct. T., 1921, by plaintiff, from decree of C. P. Allegheny Co., July T., 1920, No. 1126, dismissing bill in equity, in case of Emily S. Porter et al. v. Mary Malissa Wolf et al., executors of U. M. Morgan, deceased, and James Moody, ancillary administrator c. t. a., of estate of U. M. Morgan, deceased.   Before Moschzisker, C. J., Frazer, Walling, Kephart, Sadler and Schaffer, JJ.   Affirmed.

Bill to enforce alleged trust.   Before Shafer, P. J.
The opinion of the Supreme Court states the facts.
Bill dismissed.   Plaintiffs appealed.

*Error assigned* was decree, quoting it.

*Harvey A. Miller,* of *Miller & Nesbitt,* for appellants, cited: Hollis v. Hollis, 254 Pa. 90.

*Frank Thomson,* of *Thomson & Bradshaw,* for appellees, cited: Glebus's Est., 267 Pa. 125.

Per Curiam, January 3, 1922:
The order, sustaining a demurrer and dismissing a bill in equity, appealed from in this case, is affirmed on the following excerpts from the opinion of the court below:

"The bill is against the executors of a testator who was a resident of Ohio, and his ancillary administrator, appointed in [Allegheny] county; it alleges the making of a will in 1913 by testator, one provision of which is that certain of his lands situate in this county should be sold and the proceeds used to erect a family monument, the making of a codicil thereto on June 4, 1917, and that the testator died June 7, 1917. It is then alleged testator, being in a weakened physical condition, desired to change the provision of his will as to the land in Allegheny County and called upon defendants, who were the executors named in his last will, to procure him facilities for changing his will, and that he said to them, in the presence of a number of witnesses, he desired the real estate in Allegheny County to be sold and that three-fourths of the proceeds should be given to certain of his relatives, being plaintiffs in the bill, and one-fourth used for the erection of a tombstone, but, being unable to put the same in writing, he commanded his executors to carry out the changes that he proposed, which they promised to do, and stated that he could rely implicitly on them to carry out his instructions, and, so relying, he allowed the provisions of his will to remain as originally written. The bill prays that defendants may be required to carry out the terms of the trust so alleged to be impressed upon the property. To this defendants have demurred, (1st) that this court has no jurisdiction, inasmuch as the will worked an absolute conversion and, therefore, the exclusive jurisdiction in regard to the will is in the courts of Ohio, and (2d) that the bill shows no trust, but only an effort to alter testator's will by parol. There have been cases in this Commonwealth in which a legatee or devisee has been held to take the property in trust for others, for the reason that he was shown to have procured the bequest or devise to be made on promises to testator, which it would be a fraud on him not to require fulfilled; and it is no doubt in view of such cases the bill has been filed. In

the present case it does not appear that the executors, whose promises are relied on, took any interest in the land whatever, and therefore, they could not be held to be trustees of it for anyone else. The law of Pennsylvania still requires a will to be in writing, signed by the testator, and, hence, a will cannot be made by having the intended executors or anybody else promise the testator to carry out his wishes orally expressed."

Order affirmed at cost of appellants.